UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                          |   |                          |
|--------------------------|---|--------------------------|
| SHARON RIDDICK           | ) |                          |
|    Plaintiff | ) |                          |
|                          | ) |                          |
| v.                       | ) | CA No. 1:11-CV-10613-NG  |
|                          | ) |                          |
| MARK MILIOTIS, ET AL     | ) |                          |
|    Defendants | ) |                          |

**MEMORANDUM IN SUPPORT OF THE**
**SHEET METAL DEFENDANTS' MOTION TO DISMISS**

**I.  INTRODUCTION.**

This case arises out of a Complaint against sixteen individuals each of whom had some association with a Suffolk Superior Case entitled <u>Riddick v. Harrington Bros. Corporation, et al</u>, Civil Action 2003-CV-5300 (herein referred to as the "State Action").  Plaintiff alleges that the lawyers, one of the judges, the named defendants and certain individual representatives of the named defendants conspired to deprive her of justice.  The civil action cover sheet and the final paragraph of the Complaint suggest that plaintiff intends to assert a claim under RICO's civil enforcement provision.  18 U.S.C. § 1964(c).

The State Action docket appears as Exhibit B to the Complaint.  The docket reveals the following about the State Action: 1) plaintiff filed an employment discrimination action in Suffolk Superior Court in October of 2003; 2) after amending the identities of the parties, the case proceeded against her employer, the apprentice program which had sponsored her employment and the local union in which she held membership; 3) a judge of the Superior Court granted summary judgment in favor of the apprentice program and the local union but allowed

the case against the employer to be tried to a jury; 4) the jury returned a defendant's verdict; 5) Plaintiff appealed and the appeal is pending.

Jurisdiction is asserted under 28 U.S.C. § 1332 (diversity of citizenship). Each of the parties is alleged to reside in Massachusetts so the Complaint, on its face, defeats the assertion of diversity jurisdiction. Nevertheless, the Complaint purports to state a federal claim.

Five individual defendants participated in that case as attorneys and representatives of the apprentice program, Sheet Metal Workers Local 17 Joint Apprenticeship Training Committee (herein referred to as "JATC") and the local union, Sheet Metal Workers International Association Local 17 (herein referred to as "Union"). The individual defendants are Paul F. Kelly and Michael J. Doheny, the attorneys for the JATC and the Union, Joseph Bergantino and James Wool, Union officials and Stephen MacKenzie, the JATC's training coordinator. For the purpose of this motion, these five named individual defendants and the two organizational defendants are referred to as the Sheet Metal Defendants.

## II. FACTS

The first 16 paragraphs of the complaint simply list the individual defendants and the jurisdictional assertion.

Paragraph 17 of the Complaint describes a contingent fee agreement between Plaintiff and Defendant Neal. Defendant Neal represented Plaintiff in the State Action. Paragraph 17 goes on to describe various conversations by and between Plaintiff, Defendant Neal and Defendant Miliotis, also alleged to be a lawyer representing Plaintiff.

Paragraph 18 of the Complaint refers to an attachment dated February 12, 2011. The attachment appears to be a Board of Bar Overseers complaint filed by Plaintiff Riddick against

Defendant Miliotis.[1] The document contains a conclusory allegation against eight lawyers and a Superior Court Judge but, apart from grievances against her own lawyers (Attorneys Neal, Miliotis and Landry), Plaintiff's BBO complaint says nothing with respect to her grievances against the remaining attorneys. Paragraph 18 of Plaintiff's Complaint refers to Exhibits A through H. A review of those exhibits and the balance of the Complaint's allegations demonstrate that the Complaint fails to state a claim against the Sheet Metal Defendants. The final allegation of the complaint (¶29, page 31 of 32) states that the State Action docket reveals that "Attorney Anthony Neal releases the Sheet Metal Worker Local 17 Union and its JATC out of the lawsuit for (upcoming) payment render". No other allegation of the complaint mentions the Sheet Metal Defendants.

**Complaint, Exhibit A.**

Exhibit A appears to be the factual support for Riddick's complaint to the Board of Bar Overseers. Apart from the conclusory allegation on page 5 of that document (which conclusory allegation appears to form the basis for this lawsuit) there are no allegations that pertain to any of the Sheet Metal Defendants.

**Complaint, Exhibit B**.

Exhibit B contains the docket report from the State Action. This document contains the history of <u>Riddick v. Harrington Bros. Corporation, et al</u>. Exhibit B reveals that the case was filed in October of 2003 and disposed of in September of 2006. Sheet Metal Workers Local 17 Building Association was dismissed as a defendant on May 20, 2004 (entry number 18). The

---

[1] The BBO Complaint appears as pages 4 of 32 through 17 of 32 of Document 1. Plaintiff also filed a Complaint with the Commission on Judicial Conduct against the Superior Court judge who presided over the jury trial of the State Action. The judicial complaint form appears as pages 18 of 32 through 23 of 32 of Document 1.

court granted the JATC's Motion for Summary Judgment and the Union's Motion for Summary Judgment on July 20, 2005. See Ex. B, p.10 (entry #41, 42).[2]

At the time the Superior Court entered Summary Judgment in favor of the Union and the JATC the participation of the Sheet Metal Defendants in the State Action ended. Indeed, more than a year passed before Plaintiff retained Attorney Miliotis against whom her primary grievances appear to be directed.

**Complaint, Exhibits C-H**

Exhibits C through H make no reference to the Sheet Metal Defendants.

The State Action did not conclude as plaintiff hoped. Like many other litigants plaintiff was disappointed in the outcome of her suit.[3] She posits (with no evidence) as the explanation for her disappointment that the litigants, attorneys and the judge participated in a conspiracy to deny her a recovery. Plaintiff's complaint fails to state a claim against the Sheet Metal Defendants upon which relief can be granted. Accordingly, the Complaint should be dismissed.

**III.　ARGUMENT.**

　　**A.　THE COMPLAINT FAILS TO STATE A CLAIM AGAINST THE SHEET METAL DEFENDANTS UPON WHICH RELIEF MAY BE GRANTED.**

　　　　**1. PLAINTIFF'S RICO CLAIM AGAINST THE SHEET METAL DEFENDANTS IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS**

Civil RICO claims are governed by the four year statute of limitations contained in the Clayton Act. Agency Holding Corp. v. Malley-Duff and Associates, Inc., 483 US 143, 156

---

[2] Entry 42 of the docket is the court's allowance of the Union's motion for summary judgment. That entry serves as the basis for Riddick's allegation in paragraph 29 that her attorney released the JATC and the Union from the suit.
[3] Plaintiff's level of disappointment and her dissatisfaction with Attorney Neal is revealed in correspondence attached to the complaint as Ex. X. Attorney Neal recommended that plaintiff propose a modest $350,000 figure to settle the State Action while she insisted that $2.5 million was the proper settlement figure. This dispute coincided with Riddick's retention of successor counsel.

4

(1987).  Applying the four year statute of limitations to the allegations of the Complaint makes clear that there are no predicate acts occurring within the four years prior to the filing of the Complaint.

The State Action arose out of the termination of Riddick's employment with Harrington Bros. in July of 2002 and her subsequent dismissal by the JATC from the Local 17 Apprenticeship Program.  These actions took place prior to the filing of Riddick's Complaint in October 2003.  Thus, the last acts or omissions by the Sheet Metal Defendants, apart from their involuntary participation in the State Action, all took place either in 2003 or in the years prior to 2003.  Claims against the Sheet Metal Defendants based on acts or omissions that occurred prior to the filing of the State Action are plainly time barred as they occurred at least 7½ years before the filing of this Complaint.

Plaintiff advances the novel theory that all the participants in the State Action conspired to deprive her of justice.  Even if Plaintiff's theory had legal support her claims against the Sheet Metal Defendants are still time barred because the last act they engaged in was the filing of a Motion for Summary Judgment in early June of 2005.  See Rodi v. Southern New England School of Law,  389 F.3d 5 (1 Cir. 2004) (statute of limitations defense may be considered on a Rule 12(b)(6) motion if complaint shows beyond doubt that the claim asserted is out of time).

### 2.  THE STANDARD FOR DETERMINING A RULE 12 (B)(6) MOTION TO DISMISS A RICO CLAIM.

The court, on a motion to dismiss, must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. American Airlines, Inc., 199 F.3d 68, 69 (1st Cir.2000).  If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. *See* Nollet v. Justices of the Trial Court, 83 F.Supp.2d 204, 208.  These are generally accepted standards.

To survive a dismissal on a RICO claim, a plaintiff must allege facts sufficient to establish four elements: 1) conduct, 2) of an enterprise, 3) through a pattern, 4) of racketeering activity. <u>Doyle v. Hasbro, Inc.,</u> 103 F.3d 186, 190 (1st Cir.1996); <u>Dickey v. Kennedy</u>, 583 F. Supp. 2d 183, 186-87 (D. Mass. 2008). Judge Stearns recently reviewed the elements of a civil RICO claim:

> "To make out a civil RICO violation, a complaint must allege "(1) conduct; (2) of an enterprise; (3) through a pattern; (4) a racketeering activity". <u>Sedima, SPRL v. Imrex Co.</u> 473 US 479, 496 (1985) ("pattern of racketeering activity" means that each defendant committed two related acts of racketeering activity over a span of time. To demonstrate relatedness the predicate acts must have the same or similar purposes, participants, victims, or methods, or otherwise be interrelated by distinguishing characteristics and not be isolated events. There must also be evidence of "continuity" sufficient to show that the predicate acts constituted a "pattern" (a closed period of repeated conduct amounting to a threat of continued criminal activity that they "are a regular way of conducting the enterprise"). <u>Glover v. Larking</u>, __ F. Supp. 2nd __, 2011 WL 476619 (D. Mass. 2011).

The First Circuit has made clear that, in order to survive a Motion to Dismiss, a RICO complaint must allege two or more statutorily defined predicate acts that are both 1) related to one another and 2) amount to or pose a threat of continued criminal activity. <u>Fleet Credit Corp. v. Scion</u>, 893 Fed. 2nd 441 (1st Cir. 1990). In <u>Scion</u> the Court noted that although the pleadings must be construed in a light most favorable to the Plaintiff, the Court has no duty to "conjure up unpled allegations" in order to bolster Plaintiff's chances of surviving a Motion to Dismiss. Indeed, the Court has placed on RICO plaintiffs the burden asserting more than generalized fraud allegations. See <u>New England Data Services, Inc. v. Becher</u>, 829 Fed. 2nd 286, 291 (1st Cir. 1987) ("In RICO, the plaintiff must go beyond a showing of fraud and state the time, place and content of the alleged mail and wire communication perpetrating that fraud").

    **3.** **THE COMPLAINT FAILS TO STATE A CLAIM AGAINST THE SHEET METAL DEFENDANTS UPON WHICH RELIEF MAY BE GRANTED**

Plaintiff's factual allegations against the Sheet Metal Defendants, in the light most favorable to her, suggest that she was dissatisfied with her lawyers and that she attributes the failure of her State Action against the JATC and the Union to her problems with her lawyers. She has alleged no facts, as opposed to conclusory allegations, to support any claim against the Sheet Metal Defendants, much less a RICO claim.

Application of the legal standards set forth above to the Complaint results in dismissal. Plaintiff has failed to allege any facts to establish the conduct of an enterprise as required to state a RICO claim. The only plausible "enterprise" that can be gleaned from the complaint is the collection of persons who unwittingly became involved in litigation Riddick initiated. See Tomaselli v. Beaulieu, __ Fed. Supp. 2nd __, 2010 WL 2105347 (D. Mass. 2010) ("loose-knit group of people and or legal entities" involved in legal dispute with plaintiffs does not qualify as a RICO enterprise). Like the *pro se* plaintiffs in Tomaselli, Riddick has failed to allege sufficient facts to establish the existence of an enterprise.

Plaintiff Riddick has alleged no predicate acts against the Sheet Metal Defendants much less the time, place and content of such acts. Apparently plaintiff believes that the Sheet Metal Defendants paid her attorney to dismiss the State Action claims. The record of the State Action reveals that her claims were dismissed by the court, not by her attorney. Apart from the fact that her claims were unsuccessful, plaintiff has not alleged a single fact relative to the Sheet Metal Defendants that support, suggest or intimate any criminal conduct necessary to form the basis of a RICO claim.

Plaintiff's allegations are scurrilous, unfounded and frivolous. They should be given no credit, even under the relaxed pleading standards that have been in effect since 1938. See Rule 9(b) (allegations of fraud and mistake must be stated with particularity). Bessett v. Avco

Financial Services, Inc., 230 Fed. 3rd 439, 443 (1st Cir. 2000) (Although pleadings are to be construed liberally with all reasonable inferences to be drawn in favor of the plaintiff "a greater level of specificity is required in RICO cases".) But even if facts had been alleged to bolster the allegation that dismissal of her State Action had been purchased, plaintiff still would not have stated a RICO claim. A RICO claim requires that there be a continuity to the conduct complained of, that there be a threat of continued criminal activity. In short, the statute requires a "pattern of racketeering activity". Even crediting plaintiff's defamatory allegations, she falls short of the allegations necessary to support a RICO claim. See McLarnen v. U.S., __ F. Supp. 2nd __, 2009 WL 1395462 (D. Mass. 2009) ("McLarnen cannot pursue the nuisance claims in federal court simply because he is displeased with the outcome of the state court proceeding"). A complaint must identify the predicate acts upon which the plaintiff bases his claim – the plaintiff may not simply file a RICO action, chant the statutory mantra, and leave the identification of predicate acts to the time of trial. Id In order to state a claim for conspiracy to violate Section 1964 (c) a plaintiff must allege (at a minimum): 1) the existence of an enterprise; 2) that each defendant knowingly joined the enterprise and 3) that each defendant agreed to commit, or in fact committed two or more specified predicate crimes as part of his participation in the enterprise. Bare and conclusory allegations regarding the defendants' alleged collective racketeering enterprise warrant dismissal. Id.

**IV.    CONCLUSION.**

For the foregoing reasons, Plaintiff's Complaint against the Sheet Metal Defendants and each of them fails to satisfy the statute of limitations and fails to state a claim upon which relief may be granted.

Respectfully submitted,

**PAUL F. KELLY, MICHAEL J. DOHENY, JAMES WOOL, JOSEPH BERGANTINO, STEPHEN MCKENZIE, SHEET METAL WORKERS LOCAL 17 AND SHEET METAL WORKERS LOCAL 17 JOINT APPRENTICE TRAINING COMMITTEE,**

By their attorney,

/s/ *Donald J. Siegel*_____
DONALD J. SIEGEL, ESQ. (BBO#461500)
PAUL F. KELLY, ESQ. (BBO#267000)
SEGAL ROITMAN, LLP
111 Devonshire Street, 5th Floor
Boston, MA 02109
(617) 603-1429
dsiegel@segalroitman.com

Dated: May 4, 2011

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above Memorandum in Support of the Sheet Metal Defendants' Motion to Dismiss has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail, postage prepaid, to Plaintiff, Sharon Riddick at 69 Glenway Street, Boston, MA 02121 this 4th day of May, 2011.

/s/ Donald J. Siegel
Donald J. Siegel, Esq.