UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHARON RIDDICK,

                    Plaintiff,

v.                                                      CIVIL ACTION
                                                        1:11-CV-10613-NG
LAW OFFICES OF MARK MILIOTIS
(ATTORNEY MARK G. MILIOTIS, PAUL L.
LANDRY ASSOCIATE), ET AL.
                    Defendants.

MEMORANDUM OF LAW IN SUPPORT OF  DEFENDANT KATHE M. TUTTMAN'S
MOTION TO DISMISS

        Massachusetts Superior Court Justice Kathe M. Tuttman hereby submits this

Memorandum of Law in support of her Motion to Dismiss plaintiff Sharon Riddick's *pro-se*

complaint directed against her.  In 2006, Justice Tuttman presided over a jury trial in a litigation

brought by Sharon Riddick ("Riddick") against her former employer, Harrington Brother Co.

(Harrington) and other defendants.  Plaintiff lost that jury trial and now, almost five years later,

files this federal court *pro-se* action against Harrington, Justice Tuttman, and thirteen other

defendants seeking monetary damages and unspecified injunctive relief.  For the reasons set forth

below, plaintiff's complaint should be dismissed as to JusticeTuttman because all claims directed

against her are barred by absolute judicial immunity and the statute of limitations.

STATEMENT OF THE CASE AND MATERIAL FACTS

        In October 2003, Riddick filed a discrimination complaint in the Suffolk Superior Court

against Harrington, Thomas Fitzpatrick, Peter O'Leary and Sheet Metal Workers Local 17.

*Complaint Exhibit B* (Superior Court Docket of 2003 Civil Action).   Attorneys Anthony Neal

and Mark Millotis entered appearances on behalf of the plaintiff in that action and attorneys

Ryan Killman, Kevin O'Connor, Paul Kelly and Sarah Pupurs represented the defendants.  *Id.*  In

August of 2006, after more than two years of litigation, a jury trial commenced in Suffolk

Superior Court over which Justice Tuttman presided.  *Id.*   On August 17, 2006, the jury returned

a verdict in favor of the defendants.  *Id.*  That day, the following was entered on the docket of the

Superior Court:

> JUDGEMENT ON JURY VERDICT It is Ordered and ADJUDGED that the plff (sp)
> Sharon Riddick take nothing that the action be DISMISSED on the merits entered on the
> the docket pursuant to Mass. R. Civ. P. 58(a) and that notice be sent to the parties
> pursuant to Mass. R. Civ. P. 77(d) (Tuttman, J.).  Complaint Exhibit B.

Riddick subsequently filed a notice of appeal on September 7, 2006.  *Id.*  However, to date, no

appeal has been perfected.

On April 8, 2011, Riddick filed, *pro-se*, with this Court the subject Complaint directed

against defendants Harrington, Thomas Fitzpatrick, Peter O'Leary, Sheet Metal Workers Local

17, Justice Tuttman, and attorneys Anthony Neal and Mark Millotis, Ryan Killman, Kevin

O'Connor, Sarah Pupurs, and Paul Kelly.  The gravamen of the Complaint, which annexes

exhibits exceeding 200 pages, appears to be Riddick's dissatisfaction with her trial counsel in the

state court action that ended in 2006.  It is brought pursuant to Racketeering Influenced and

Corrupt Organization Act, 18 U.S.C. §§ 1961-68 (RICO) and seeks damages and an unspecified

restraining order.

The allegations in the Complaint directed against Justice Tuttman are that she, and the

eight attorney defendants, engaged in a conspiracy involving bribery and corruption which

caused her state court litigation to fail.  Complaint ¶¶ 18, 20.   The only particulars referenced in

the Complaint regarding those claims are that in August of 2006, Justice Tuttman ruled against

her by allowing a defendant's motion to dismiss and that she presided over the trial which

Riddick lost.  Riddick characterizes those actions as a "continuing injustice."  Complaint Exhibit I, three page document entitled "Specific of Facts-Sharon Riddick February 15, 2011."

On May 2, 2011, Riddick filed an "Amendment" to her Complaint which added documents to the Complaint's Exhibit M.   Three days later, on May 5, 2011, without leave of this Court, Riddick filed a second "Amendment" to her Complaint alleging that on April 8, 2011, while Riddick was on a lunch break from jury duty, Justice Tuttman allegedly tried to run her over with a car.  No federal claim is implicated in that second amendment to the Complaint and no damages are sought.  Rather Riddick seeks an order from this Court requiring the Federal Marshals and Department of Justice to investigate the alleged April 8, 2011 incident in the hope that it will lead to charges of attempted murder being filed against Justice Tuttman and the named defendants in this civil action.

## ARGUMENT

### 1.    Plaintiff's Complaint Against Justice Tuttman Is Barred By The Doctrine Of Absolute Judicial Immunity.

Plaintiff's complaint directed against JusticeTuttman is barred by the doctrine of absolute judicial immunity.  "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as [the Supreme] Court recognized when it adopted the doctrine…." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (citation omitted).  Judicial immunity is immunity from suit and can only be overcome when a judge's actions are nonjudicial in nature or taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  Judges may not be deprived of immunity simply because their actions were in error, were done maliciously, or were in excess of their authority. *Stump  v. Sparkman*, 435 U.S. 350, 356-57 (1978).  It is a judge's duty to decide all cases within her jurisdiction that are brought before her, including

controversial cases that "arouse the most intense feelings in litigants." *Pierson supra,* 386 U.S. at 554.   Judges must never worry that "unsatisfied litigants may hound [them] with litigation charging malice or corruption." *Id.*  To impose such a burden on judges "would not contribute to principled and fearless decision making but to intimidation." *Id.*   Judicial immunity allows judges the necessary liberty to exercise their independent judgment about the merits of a case without fear of being sued for damages should an unsatisfied litigant be able to convince another tribunal that the judge acted with malice or corruption.  *Dennis v. Sparks,* 449 U.S. 24, 31 (1980) (citing, *Pierson* at 554 ).

In this case, the allegations in the Complaint directed against Justice Tuttman relate exclusively to her actions as the trial judge in Riddick's state court litigation against her former employer.  Consequently, they are barred by the doctrine of absolute judicial immunity.  *See Dennis v. Sparks supra*, 449 U.S. at 27, 31 (affirming dismissal of conspiracy claims against judge based upon the doctrine of judicial immunity).

Nor can plaintiff cannot obtain a better outcome by characterizing her claim against Justice Tuttman as a civil RICO action.  A private right of action under RICO requires proof of four elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496 (1985).  An enterprise is "proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *Id*. at 583.  To conduct or participate, directly or indirectly, in the affairs of an enterprise requires a showing that a defendant took "some part in directing the enterprise's affairs." *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993). Additionally, a"[p]attern of racketeering activity" means the commission of at least two related acts of racketeering activity during a span of ten years. *See Shultz v. Rhode Island Hospital Trust National Bank, 94 F. 3d 721, 731-32* (1st Cir. 1996*).*  To demonstrate relatedness, the predicate

acts must have the same or similar purposes, participants, victims, or methods, or otherwise be interrelated by distinguishing characteristics and not be isolated events. *Feinstein v. Resolution Trust Corp.,* 942 F. 2d 34, 44 (1st Cir. 1991).   Moreover, a plaintiff must demonstrate that the predicate acts amount to or pose a threat of continued criminal activity.  *Efron v. Embassy Suites (Puerto Rico), Inc.,* 223 F. 3d  12, 15 (1st Cir. 2000).

Riddick's Complaint fails to allege any facts that Justice Tuttman engaged in any conduct of an enterprise through a pattern of racketeering activity.  Moreover, Riddick's RICO Complaint cannot circumvent the bar of absolute judicial immunity.  In O*verton v. Torruelia*, 183 F. Supp. 2d 295 (D. Mass. 2001), the District Court dismissed RICO claims against judges holding that:

> Judicial immunity cannot be avoided by the simple expedient of alleging a RICO violation. While judges do not enjoy immunity from criminal liability, this does not mean that civil plaintiffs can recover from a judge under RICO.  Federal courts "have proceeded on the assumption that common-law principles of legislative and judicial immunity were incorporated into our judicial system and that they should not be abrogated absent clear legislative intent to do so." There is no indication that in enacting RICO Congress intended to give civil plaintiffs a remedy not available to those who sue judges under the common law. The complaint must therefore be dismissed on the ground that it is barred by absolute judicial immunity.

*Id.* at 301(citations omitted); *see Shahn v. Darling*, 606 F. Supp. 2d  525, 541-42 (D. Del. 2009) (RICO and conspiracy claims brought by plaintiff against judges who previously ruled against her barred by absolute judicial immunity).

In view of the foregoing, Riddick's Complaint against Justice Tuttman should be dismissed because all the claims directed against her are barred by absolute judicial immunity.

**2.      Riddick's Complaint Against Justice Tuttman Is Also Barred By The Statute Of Limitations.**

Another reason why Riddick's RICCO Complaint against Justice Tuttman should be dismissed is because it is barred by the statute of limitations.   In *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.* 483 U.S. 143 (1987), the United States Supreme Court ruled that a four-year statute of limitations applies to civil RICO claims.  *Id.* at 156.  Here, Riddick is seeking damages under RICO against Justice Tuttman based upon her actions as the presiding judge of her 2006 civil trial.  The jury returned a verdict on August 17, 2006 and Riddick filed a notice of appeal on September 7, 2006.  Complaint Exhibit B.  The Complaint contains no factual allegations of any alleged wrongdoing by Justice Tuttman thereafter.   Riddick did not file the Complaint in this action until April 8, 2011 - - more than four years after Judge Tuttman's final rulings in connection with the 2006 state court trial.

In view of the foregoing, Riddick's Complaint against JusticeTuttman should be dismissed for the additional reason that it is barred by the statute of limitations.  *Agency Holding Corp. supra* at p. 156.

**3.      Riddick's Second Amendment to Her Complaint Should Be Stricken Or Dismissed Because It Was Filed Without Leave of Court And It Fails To Implicate A Federal Claim.**

This Court should strike the second amendment to Riddick's Complaint (docket entry # 25)  because it was filed without leave of court after she filed a prior amendment to the Complaint.  Alternatively, this Court should dismiss the second amendment to the Complaint as it fails to implicate a federal claim.

On May 5, 2011, Riddick filed an eight page document entitled "Specific of facts2" alleging that on April 28, 2011, while Riddick was on a lunch break from jury duty, Justice Tuttman attempted to run her over with a car.   This purported second "Amendment" should be stricken from the record because it was filed without leave of court after Riddick had previously

filed an amendment to her Complaint.  *See* "Amendment to Exhibit M" (docket entry # 18,  May 2, 2011).  Fed. R. Civ. P. 15(a) (1) entitles a party to file an amended pleading once prior to an adverse party serving a responsive pleading.  In all other cases, a party can only amend a pleading with the opposing parties' written consent or leave of court.  Fed. R. Civ. P. 15(a) (2). In view of the fact that Riddick never sought leave of court to file the second amendment to her Complaint, Justice Tuttman respectfully requests that this Court strike it from the record.

Furthermore, Riddick's second amendment implicates no federal claim.  Rather, plaintiff seeks an order from this Court requiring that the Federal Marshals and Department of Justice investigate the alleged incident in the hope that such an investigation will lead to attempted murder charges being filed against Justice Tuttman as well as all the named defendants in this civil action.  This request should be ignored by this Court and the amendment summarily dismissed.

## CONCLUSION

For the foregoing reasons, Justice Tuttman respectfully request that Riddick's Complaint directed against her be dismissed in its entirety.

> Respectfully submitted,
> Defendant,
> Kathe M. Tuttman
> By her attorneys,
>
> ATTORNEY GENERAL
> MARTHA COAKLEY
>
> /s/ Howard Meshnick_____
> Howard Meshnick, BBO # 547290
> Assistant Attorney General
> Office of the Attorney General
> One Ashburton Place, Room 1813
> Boston, MA  02108
> Howard.Meshnick@state.ma.us
> Tel. (617) 727-2200, Ext. 2569

Dated: May 16, 2011

## **CERTIFICATE OF SERVICE**

I, Howard Meshnick, Assistant Attorney General, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the notice of electronic filing (NEF) and paper copies will be sent to those indicated as non-registered participants by first class mail, postage prepaid.

/s/ Howard Meshnick
Assistant Attorney General
Trial Division