UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-CV-10613-RGS

SHARON RIDDICK

v.

LAW OFFICES OF MARK MILIOTIS
(ATTORNEY MARK G. MILIOTIS, PAUL L.
LANDRY ASSOCIATE), LAW OFFICES OF
ANTHONY NEAL (ATTORNEY ANTHONY W.
NEAL), LAW OFFICES OF HERMES,
NETBURN, O'CONNOR & SPEARING, P.C.
(ATTORNEYS KEVIN J. O'CONNOR, SARAH
E. PUPURS), LAW OFFICES OF RYAN
KILLMAN (ATTORNEY RYAN T. KILLMAN),
MASSACHUSETTS SUPERIOR COURT
(JUDGE KATHE TUTTMAN), HARRINGTON
BROTHERS CORPORATION, SHEET METAL
WORKERS INTERNATIONAL ASSOCIATION
LOCAL 17, SHEET METAL WORKERS LOCAL
17 JOINT APPRENTICESHIP TRAINING
COMMITTEE (JATC), THOMAS
FITZPATRICK, PETER E. O'LEARY, JOSEPH
BERGANTINO, JAMES WOOL, STEPHEN
MACKENZIE

MEMORANDUM AND ORDER
ON DEFENDANTS' MOTIONS TO DISMISS

May 17, 2011

STEARNS, D.J.

As best as can be determined from plaintiff Sharon Riddick's stream-of-

consciousness Complaint, she appears to assert a claim under the civil or possibly the criminal provisions of the Racketeer Influenced and Corrupt Organizations Act (RICO), against Justice Kathe Tuttman of the Massachusetts Superior Court and thirteen other defendants who apparently are related in some way to Riddick's failed 2003 discrimination case against her former employer, defendant Harrington Brother Co. That case ended in a jury verdict for Harrington in August of 2006. Riddick filed this Complaint in its original form on April 8, 2011. In a May 2, 2011, she filed an Amended Complaint, alleging that on April 28, 2011, when Riddick reported for jury duty, Justice Tuttman exited the courthouse at the lunch hour in her car and "made an attempt on [Riddick's] life."

Putting aside judicial immunity and statute of limitations defenses, Riddick's Complaint fails to allege "a plausible entitlement to relief" on her RICO claim, the only predicate for invoking the jurisdiction of this court.[1] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

---

[1] Riddick states that the court has jurisdiction "over this matter pursuant to 28 U.S.C. § 1332." However, there is no viable claim of diversity jurisdiction as Riddick and almost all of the defendants are Massachusetts residents. *See In re Olympic Mills Corp.*, 477 F.3d 1, 6 (1st Cir. 2007).

recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citations and quotations omitted). *See also Rodríguez-Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95 (1st Cir. 2007). Dismissal for failure to state a claim will be appropriate if the pleadings fail to set forth "'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Berner v. Delahanty*, 129 F.3d 20, 25 (1st Cir. 1997), quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988).

To state a RICO claim (whether civil or criminal), a plaintiff must set out four elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). An enterprise may be a legal entity or a group of individuals associated in fact. *United States v. Turkette*, 452 U.S. 576, 580-581 (1981). However, "[t]he person or persons alleged to be engaged in racketeering activity must be entities distinct from the enterprise." *Odishelidze v. Aetna Life & Casualty Co.*, 853 F.2d 21, 23 (1st Cir. 1988) (per curiam). As among other pleading deficiencies, Riddick has failed to allege a distinct enterprise (nor is there any possibility that she could do so), the Complaint will be dismissed as this court lacks jurisdiction to hear it.

ORDER

For the foregoing reasons, the Complaint is <u>DISMISSED</u>. The Clerk will enter

3

the dismissal and close the case.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE