UNITED STATES DISTRICT COURT

Eastern District of Massachusetts

| | | |
|---|---|---|
| SHARON RIDDICK, | Plaintiff | ) |
| | | ) |
| | | ) |
| v. | | ) |
| | | ) |
| | | ) |
| MARK MILIOTIS, ET. AL. | Defendants | ) |
| | | ) |

Civil Action No.: 1:11-CV-10613-NG
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS
(Fed. R. Civ. P. 9(b),12(b))

**Background:**

After careful review of documents submitted by Plaintiff Riddick along with her

Complaint, a package approximately three inches thick, the gravamen of her cause of action is

indecipherable, and no plausible cause of action has been stated against the moving defendant.

Plaintiff Riddick mistakes quantity for quality. There are broad and conclusory assertions of

fraud, "money laundering" and conspiracy without any objective factual basis to support such

claims against the moving defendant. Persons ranging from the defendants in her state court

employment discrimination case to counsel for those opponents, her own counsel, the judge and

even the staff of civil government offices and police officers appear to be cast in some grand

"conspiracy" for which no purpose is articulated. There is no enunciation of purpose supposedly

furthered by an exchange of money, even if a relevant exchange had occurred. There is no

allegation that supports the existence of any unlawful "enterprise," or articulation of what

constituted the "enterprise." Counsel who are engaged in representation of clients and a judge

that presides over a legal proceeding are engaged in a RICO "enterprise" through the

performance of their duties as officers of the court are not engaged in conspiracy..

The purpose of this Motion, however, is to challenge the Complaint in its entirety only to

the extent it is asserted against Defendant Landry and seeks to sweep him into the confused and

contorted web of Plaintiff's action. There is no need to respond to the myriad assertions regarding documents and putative transactions within Plaintiff's compendium Complaint unrelated to Defendant Landry. The straightforward issue raised by this Motion is whether Plaintiff has set forth specific allegations of fact which constitute a plausible and legally cognizable cause of action and claim for relief as against Defendant Landry. Despite the volume of papers, vague assertions and bald conjecture by Plaintiff Riddick, the absence of any claim against Defendant Landry is clear. There is no intelligible statement of how the Plaintiff Riddick was allegedly harmed by any action of Defendant Landry in any way. There is not one single factual ground to support the assertion that Defendant Landry received any money or other compensation from Plaintiff, or as a participant in any vague "conspiracy."

Complaints of this type unfortunately present the most challenging to respond to, as they are comprised of nothing but conjecture, and in this instance incoherent conjecture. Trying to respond is like chasing ghosts and shadows that are entirely without substance. The Rules of Civil Procedure do not require form or technical pleading; and that is appropriate when a complaint is asserted by a lay person as in the instant proceeding. However, the dispensation regarding technical pleadings was adopted to enable a plaintiff to state in plain language what happened, who was involved and precisely how the plaintiff was injured by such alleged actions in concrete factual terms.

Jurisprudence demands, at minimum, that a party be able to articulate a series of events to which the court might apply a legal standard to determine whether a cause of action might be sustained. It is the obligation of the Court, *sua sponte*, to dismiss any complaint that fails that minimal test. In the case of claims involving fraud and conspiracy, the assertions of concrete fact

2

must be specific and more particular. Plaintiff Riddick has not met even the most minimal burden with respect to Defendant Landry.

The facts which can be stated and relied upon for purposes of this motion are that Defendant Landry did undertake and did fulfill a commitment to represent Plaintiff Riddick in a civil trial asserting employment discrimination claims on a contingent fee basis which Plaintiff acknowledges. The Jury in that case found against Plaintiff Riddick as Plaintiff acknowledges and the court records reflect, and so there were no attorney fees paid to Defendant Landry for such efforts despite many hours of briefing, client meetings with Ms. Riddick, preparation and representation at trial. A notice of appeal was filed on behalf of Plaintiff Riddick (court record), and transcripts were properly ordered. These objective facts are evident from the pleadings.

The Court may take judicial notice that under practice in Massachusetts, court reporters take requests for transcription and there is a very long backlog for completion of transcripts, often a year or more in civil cases. Due to the length of Riddick's trial, there were four different court reporters involved (Plaintiff's admission). This is further complicated by a rule of court that criminal proceeding transcripts take priority over civil cases, making precise prediction of when a transcript might be completed nearly impossible.     Plaintiff's intimation that her counsel had an adverse interest to appeal is both implausible and directly contradicted by the judicial fact in the court record that Plaintiff Landry filed a memorandum pleading in opposition to the Harrison Brothers Motion to Dismiss the Appeal, which opposition was successful on Plaintiff's behalf.

While Plaintiff Riddick was waiting for transcripts in order to pursue an appeal of the trial court findings and judgment, Defendant Landry withdrew from the case and so informed Plaintiff Riddick.  Plaintiff Riddick was advised regarding the appeal proceedings that appellate

3

courts do not like to second guess judges who are present at trial, and that winning an appeal would be difficult, a representation that any counsel for any appellant has stated to a client at one time or another. Not one of these concrete representations of fact is gainsaid by anything in Plaintiff Riddick's filing.

There is no concrete fact cited or any specific factual statement indicating that Defendant Landry had any knowledge or information regarding any financial or contractual dealings of any of the other named defendants. Defendant Landry saw documents produced during formal discovery in connection with the trial of Riddick's employment discrimination case. Not one of such documents provides any basis or support for the wild assertions made in the instant Complaint against Defendant Landry. There is no specific allegation of any communication between Defendant Landry and any defendant in the trial proceeding or their counsel which might support a claim of conspiracy or fraud.

Finally, to pursue a civil action in this Court, Plaintiff Riddick would be required as any other plaintiff to demonstrate how she was harmed by the assertions of wrongdoing by each defendant. It appears that Plaintiff believes that her appeal has been delayed. Long after Defendant Landry departed from the case in any respect, and before transcripts were completed, Plaintiff Riddick became so impatient and dissatisfied that she terminated the relationship with Attorney Miliotis. From that point forward, anything having to do with the prosecution of her appeal was in the hands of Plaintiff Riddick herself. By her own admission from documents she has submitted, moneys that she put into the appeal were either spent on transcripts which she owns and controls or returned to her by Attorney Miliotis.

The rambling Complaint may also assert that Plaintiff claims to have been injured by failing to secure damages from her employment discrimination claims. However, Plaintiff

acknowledged that a jury determined that her claims should not prevail and refused to award damages. None of the named defendants can be responsible for that occurrence and plaintiff cannot plausibly sue for non-existent damages she did not suffer.

In summary, it is difficult to imagine an instance in which a Complaint is more lacking in substance that the present Complaint, especially as against Defendant Landry whose only actions were in support of Plaintiff Riddick during the course of the pre-trial and trial proceedings. Plaintiff Riddick demanded her "day in court" and received a two week trial in which a jury of her peers was not persuaded to award her judgment or damages. That she does not like the result we can understand and sympathize with. However, a querulous disposition alone does not support a federal action, the time and resources of the Court and the imposition of a frivolous suit upon multiple parties. The Court is requested to apply the standards of sufficiency to determine whether a bona fide cause of action has been stated or can be gleaned from the Complaint at the earliest moment, and upon finding insubstantial Plaintiff Riddick's importunate claims to prevent further expenditure of unnecessary resources.

## Discussion of Authorities:

### Standards of Pleading

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Factual allegations must be enough to raise a right to relief above the speculative level. Such concrete factual allegations must be advanced as to each element of the putative cause of action. See, 2-12 Moore's Federal Practice - Civil § 12.34. Dismissal under Rule 12(b)(6) is proper if the

complaint lacks an allegation regarding an element necessary to obtain relief. Moore's Federal

Practice, 2-12 Moore's Federal Practice - Civil § 12.34, states the following:

> Liberal construction has its limits, for the pleading must at least set forth sufficient
> information for the court to determine whether some recognized legal theory exists on
> which relief could be accorded the pleader. If it fails to do so, a motion under Rule
> 12(b)(6) will be granted. Thus, courts need not cull a "tangled web" of multiple pleadings
> and multiple actions to determine whether a plaintiff has articulated a meritorious claim,
> nor is the "duty to liberally construe a plaintiff's complaint ... the equivalent of a duty to
> re-write it for her." [Footnotes omitted]

While Plaintiff's properly stated facts must be accepted as alleged, this does not

automatically extend to bald assertions, subjective characterizations, and legal conclusions. *DM*

*Research v. College of Am. Pathologists*, 170 F.3d 53, 55-56 (1st Cir. 1999) Conclusory

allegations or legal conclusions are not entitled to an assumption of truth. A court considering a

motion to dismiss can disregard conclusory allegations and judge the complaint only on well-

pleaded factual allegations. *Sheridan v. Int'l. Bhd. of Elec. Workers,* 940 F. Supp. 368, 372 (D.

Mass. 1996) (deferential reading of plaintiff's complaint does not require court to credit "bald

assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation,"

quoting *Correa-Martinez v. Arrillaga-Belendez,* 903 F.2d 49, 51 (1st Cir. 1990) Plaintiff

Riddick's Complaint contains only such bald assertions, subjective characterizations and

sweeping legal conclusions.

Plaintiff will likely contend that the sheer volume of paper she has filed should suffice, as

there might possibly be something substantive among the documents and assertions she

submitted. However, it is the Plaintiff's burden and not that of the Court to construct a valid

cause of action from a hodgepodge of unconnected, immaterial and incoherent material. As the Seventh Circuit noted: Judges are not like pigs, hunting for truffles buried in briefs. *United States v. Dunkel*, 927 F.2d 955 (7th Cir. Ill. 1991). Ultimately, the burden is upon Plaintiff to set forth a plain and simple statement of concrete facts, which if proven could plausibly support a legal cause of action against a defendant and establish a right to damages based upon said cause of action. Failing that most simple requirement, the action must be dismissed.

To the extent that Plaintiff Riddick seeks to assert any claims involving fraud or conspiracy as against Defendant Landry, the arguments stated herein carry even greater weight because such claims must be set forth in concrete factual allegations with particularity under Federal Rule of Civil procedure 9 (b). See, 2-12 Moore's Federal Practice - Civil § 12.03 [5].

### Dismissal Warranted

The courts have addressed the question of treatment of complaints by lay persons and filings *in forma pauperis*. The United States Supreme Court has recognized that an action or appeal is "frivolous" within the meaning of the in forma pauperis statute if it is without any arguable legal merit. An action or appeal may also be frivolous when the factual contentions are, as stated by the United States Supreme Court, "clearly baseless," such as factual claims that are "fantastic or delusional scenarios." See 2-12 Moore's Federal Practice - Civil § 12.34 [7]. To prevent abusive or captious litigation, the statute that authorizes in forma pauperis litigation *requires* that the court dismiss any case whenever it determines, *inter alia*, that: The action or appeal is frivolous or malicious; or the action or appeal fails to state a claim on which relief may be granted.

Plaintiff must allege factual predicate concrete enough to warrant further proceedings. *DM Research v. College of Am. Pathologists*, 170 F.3d 53, 55-56 (1st Cir. 1999) ("the price of

Case 1:11-cv-10613-RGS   Document 49   Filed 05/23/11   Page 8 of 8

entry, even to discovery, is for the plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings, which may be costly and burdensome. Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition").

The Circuits are divided as to whether the Court should grant the lay plaintiff an opportunity to amend the Complaint to attempt to cure deficiencies in pleading, as was typical prior to the 1996 amendments. See, 2-12 Moore's Federal Practice - Civil § 12.34 [7][a]. The Court may have the option of allowing amendment unless that is deemed futile or unjust, or the Court may dismiss specifically without prejudice, and enable the Plaintiff to refile if the Plaintiff believes she has a basis for properly pleading a cause of action. In the latter event, a subsequent filing that is similarly conjectural and conclusory as the first may provide grounds for dismissal with prejudice as frivolous and sanctions for malicious abuse of process. In the present case, Plaintiff Riddick has already had opportunity to amend the Complaint in light of a motion by another defendant that placed her on notice of pleading deficiencies. Accordingly, the Court should dismiss the Complaint with prejudice as against the moving Defendant Landry. Dismissal in frivolous actions is no longer disfavored. See, 2-12 Moore's Federal Practice - Civil § 12.34 [7][b].

Respectfully submitted,

Paul L. Landry, pro se
150 Rice Mine Road N. Apt. G-206
Tuscaloosa, AL 35406
Phone: 205-409-3528
plandry5@gmail.com
Pro Se as Defendant

May 18, 2011

8